UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENVIRONMENTAL INTEGRITY PROJECT**<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005<br><br>                            Plaintiff,<br><br>     v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20460<br><br>                            Defendant. | No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiff, the Environmental Integrity Project (EIP or "Plaintiff"), files this lawsuit to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552, — more specifically, the failure of the Defendant, the U.S. Environmental Protection Agency (EPA or "Defendant"), to respond to Plaintiff's FOIA request (EPA-HQ-2017-007486) within 20 days as mandated by the statute.

2.      EIP is seeking records pertaining to EPA Administrator Scott Pruitt's meetings with outside parties and records of travel vouchers or expenses for Administrator Pruitt.

3.      On May 18, 2017, EIP submitted a FOIA request using the federal government's FOIAOnline website seeking records related to Administrator Pruitt's meetings with outside parties, including but not limited to, Administrator Pruitt's schedule of appointments, the persons with whom the Administrator met, their organizational affiliations, and the topics discussed.

EIP's FOIA request also seeks records of travel vouchers or expenses for Administrator Pruitt, including but not limited to, records of payments made and/or any pending claims for reimbursement. EPA's response to EIP's FOIA request is outstanding.

4. EIP is unable to obtain the requested records directly from alternate sources because the requested materials were produced and are held by EPA.

5. This delay is unreasonable in light of the fact that the records EIP is requesting are possessed by EPA and readily accessible by the agency. EPA has previously posted calendars of past EPA administrators and senior managers, displaying all meetings attended by advocates, stakeholders, elected officials, and other outside parties. For example, former EPA Administrator Gina McCarthy's scheduled meetings were formally posted and are publicly available online at:

https://yosemite.epa.gov/opa/admpress.nsf/Calendars_3?OpenView&RestrictToCategory=Gina%20McCarthy.%20Administrator,%20Environmental%20Protection%20Agency&count=10000.

6. EIP is a nonprofit organization that advocates for more effective enforcement of environmental laws. Consistent with that mission, we submit FOIA requests from time to time for records that may indicate how outside interests may be influencing EPA's implementation or interpretation of its statutory responsibility to protect health and the environment.

7. EPA's disregard of its duty to release the documents requested has harmed, and will continue to harm Plaintiff until EPA is compelled to comply with FOIA.

8. Plaintiff files this complaint for declaratory and injunctive relief against EPA for EPA's failure to timely respond to Plaintiff's FOIA request as required by law.

## JURISDICTION

9. This action arises under the citizen suit provision of the Freedom of Information Act. 5 U.S.C. § 552 (a)(4)(B).

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court is a proper venue for all FOIA actions. 5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

12. FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

13. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main objectives are: to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to

enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws.  Consistent with our mission, we submit FOIA requests from time to time for records that may indicate how outside interests may be influencing EPA's implementation or interpretation of its statutory responsibility to protect health and the environment.

15. Defendant EPA is a government agency responsible for protecting human health and the environment.  Defendant EPA has possession, custody, and control of records to which Plaintiff EIP seeks access. Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, DC 20460.

## LEGAL BACKGROUND

16. The Freedom of Information Act requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore . . . ." 5 U.S.C. § 552 (a)(6)(A)(i).  In "unusual circumstances" the time limits may be extended by written notice, which must include "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552 (a)(6)(B)(i).  This extension notice may not "specify a date that would result in an extension for more than ten working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks the requester to narrow the scope of his or her inquiry.  *Id*.  Thus, the statute mandates that an agency shall respond with a determination no more than 30 working days of receiving a FOIA request.

17. The Freedom of Information Act provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have

4

exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552 (6)(C)(i).

## FACTUAL BACKGROUND

18. The United States Senate confirmed Scott Pruitt as EPA Administrator on February 17, 2017.

19. Plaintiff submitted a request for records pertaining to EPA Administrator Pruitt's meetings with outside parties and records of travel vouchers or expenses for the Administrator pursuant to the Freedom of Information Act to EPA using the federal government's FOIA Online website on May 18, 2017. 5 U.S.C. § 552. (Ex. A).

20. EPA confirmed that it received the request on May 18, 2017 (Ex. B). The FOIA tracking number for this request is EPA-HQ-2017-007486.

21. On June 15, 2017, Plaintiff sent an email to EPA's FOIA office to inquire about the status of the FOIA request. Email from Sylvia Lam, Attorney, EIP to hq.foia@epa.gov (Ex. C).

22. On June 16, 2017 at 3:30pm, EIP Law Fellow Rosie Stone called the FOIA office at (202) 566-1667 to ask about the status of the FOIA request and left a voicemail that identified the FOIA tracking number and a return phone number.

23. On June 19, 2017 at 11:19am, EPA called EIP to provide a status update on EIP's FOIA request. EPA stated that it cannot presently release a response to EIP's FOIA request pertaining to records from April 1, 2017 to May 18, 2017 (the date EIP submitted the FOIA request), of Administrator Pruitt's meeting with outside parties.  EPA stated that the response date for these records is unclear and unknown. EPA also stated that it cannot release, at this time, a response to EIP's FOIA request for records of travel vouchers or reimbursements for

5

Administrator Pruitt. EPA stated that the response date for these records is also unclear and unknown. Email from Sylvia Lam, Attorney, EIP to Frederick No, Attorney Adviser, EPA (Ex. D).

24. As of the date of filing this complaint, Defendant EPA has not provided a response to EIP's FOIA request.

**CAUSE OF ACTION: VIOLATION OF FOIA**

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24.

26. Count 1: Plaintiff has a statutory right to have EPA process Plaintiff's FOIA request within the timeframes mandated by the Act.

27. Defendant's failure to timely respond to Plaintiff's FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore . . . ." 5 U.S.C. § 552 (a)(6)(A)(i).

28. Because more than 20 days have passed since Plaintiff filed its FOIA request and Defendant has not yet responded, this case is ripe for adjudication.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

29. Declare Defendant's failure to timely respond to Plaintiff's FOIA request to be unlawful under the Freedom of Information Act, 5 U.S.C. § 552 (a)(6)(A)-(B).

30. Order Defendant EPA to respond to Plaintiff's FOIA request immediately and to immediately provide Plaintiff with all of the documents identified in Plaintiff's FOIA request.

  31. Award Plaintiff its costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

  32. Retain jurisdiction to ensure compliance with the Court's decree.

  33. Grant such other relief as the Court deems just and proper.

DATED: June 19, 2017

Respectfully submitted,

/s/ Eric Schaeffer_____
Eric Schaeffer, DC Bar No. 427669
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4440
eschaeffer@environmentalintegrity.org

*Counsel for Environmental Integrity Project*